IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                      CRIMINAL ACTION NO.   3:18-00221

RICHARD GERALD CAUDILL, JR.

**MEMORANDUM OPINION AND ORDER**

Pending is defendant Richard Gerald Caudill, Jr.'s Motion for Compassionate Release, ECF No. 50. The Court sentenced Caudill in May 2019 after he pleaded guilty to traveling to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. §§ 2423(b) and 2423(e). ECF Nos. 36, 43. He received a sentence of forty-six months of imprisonment followed by fifteen years of supervised release. ECF No. 43. He is currently serving his sentence at FCI Elkton in Lisbon, Ohio, with a projected release date of December 3, 2021. *See Find an Inma*te, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 22, 2020).

Caudill moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). Section 3582(c)(1)(A) permits a defendant to move for compassionate release once all administrative remedies have been exhausted. A court may reduce a defendant's sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Caudill claims he has exhausted his administrative remedies and requests that the Court allow him to serve the remainder of his sentence under home confinement or at another facility

because his pre-existing medical conditions render him vulnerable to COVID-19. ECF No. 50, at 1–2. FCI Elkton has experienced a large concentration of coronavirus infections. As of May 22, the facility has 128 confirmed active cases among inmates, and nine inmates have died. *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (last visited May 22, 2020).[1]

Having considered the relevant factors in 18 U.S.C. § 3553(a), the Court concludes Caudill has not established that "extraordinary and compelling reasons" warrant home confinement or transfer to another facility. Despite the dire situation at FCI Elkton, Caudill failed to show he is at higher-risk for severe illness from COVID-19. Caudill relies on his Presentence Investigation Report to argue he suffers from "kidney disease, high blood pressure and heart issues." ECF No. 50, at 2. However, this statement mischaracterizes the Presentence Investigation Report. The Report describes Caudill as having kidney stones, not kidney disease. ECF No. 48, at 7. The Report states Caudill's family has a history of heart problems but does not describe Caudill as having a heart condition. *Id.* at 8. The Report does say Caudill has severe heartburn, but heartburn is an irritation of the esophagus unrelated to the heart. *Id*. According to the Centers for Disease Control and Prevention, none of the health conditions listed in Caudill's Report place him at a higher risk for severe illness from COVID-19. *People Who Are at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 22, 2020). And, Caudill did not

---

[1] A class action under 28 U.S.C. § 2241 is pending in the Northern District of Ohio for the release of FCI Elkton inmates who are vulnerable to COVID-19. *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882 (N.D. Ohio Apr. 22, 2020). On April 22, the court entered a preliminary injunction requiring the prison to evaluate and transfer out inmates identified as being at higher risk by the Centers for Disease Control and Prevention. *Id.* at 6, 10–11. On May 19, the court entered an order criticizing the prison's slow progress in transferring out eligible inmates and otherwise complying with the preliminary injunction. *CRAIG WILSON, et al., Petitioners, v. MARK WILLIAMS, et al., Respondents.*, No. 4:20-CV-00794, 2020 WL 2542131 (N.D. Ohio May 19, 2020).

submit any evidence that he has developed a relevant medical condition since the issuance of the Report.

Caudill committed a serious offense warranting a substantial prison sentence to provide just punishment, afford adequate deterrence, and protect the public—especially minors. The Court determined a forty-six-month prison sentence was appropriate in light of these factors, and Caudill has offered no extraordinary and compelling reason for the Court to permit home confinement. He also has not shown any pre-existing medical conditions warrant his transfer to another facility. The Court therefore **DENIES** Caudill's Motion for Compassionate Release, ECF No. 50, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:      May 26, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE